NUMBERS
13-04-00405-CR

                                                 13-04-00406-CR

                                                 13-04-00407-CR

                                                 13-04-00408-CR

 

                                        COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                        CORPUS CHRISTI B EDINBURG

                                                                                                                        

MICHAEL RICHARDSON, JR.,                                                         Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

                                                                                      
                                 

      On
appeal from the 319th District Court
 of Nueces County, Texas.

                                                                                                                       


                              MEMORANDUM OPINION

 

                     Before Justices Hinojosa, Rodriguez, and Garza

                          Memorandum
Opinion by Justice Hinojosa

 








Appellant, Michael Richardson, Jr., brings
these four appeals following his conviction for murder in Cause Number
13-04-405-CR and the revocation of his community supervision in Cause Numbers
13-04-406-CR, 13-04-407-CR, and 13-04-408-CR. 
We affirm.

                                              A.  Cause
Number 13-04-405-CR

A jury found appellant, Michael Richardson,
Jr., guilty of the offense of murder and assessed his punishment at life
imprisonment and a $10,000 fine.  In
Cause Number 13-04-405-CR,
appellant appeals this conviction.  In
two issues, appellant contends the trial court erred by (1) admitting
prejudicial hearsay testimony and (2) denying his motion for mistrial.

In his first issue, appellant contends the
trial court erred in admitting the portion of Paramedic Eric Jason Cantu=s testimony, regarding information a
bystander told him about how the non-responsive victim was injured.  He asserts it does not fall within the
medical diagnosis or treatment exception to the hearsay rule.  See Tex.
R. Evid. 803(4).

We review a trial court=s decision to admit or exclude evidence
under the abuse‑of‑discretion standard.  See Green v. State, 934 S.W.2d 92, 101‑02
(Tex. Crim. App. 1996).  We will not reverse
a trial court if its ruling is within the Azone of reasonable disagreement.@  Id. at 102.

Under Texas
Rule of Evidence 803(4),

statements made for purposes of medical
diagnosis or treatment and describing medical history, or past or present
symptoms, pain, or sensations, or the inception or general character of the
cause or external source thereof insofar as reasonably pertinent to diagnosis
or treatment, are admissible and excluded from the hearsay rule.

 








Tex. R. Evid. 803(4). 
Under rule 803(4), a statement may be admitted under this exception to
the hearsay rule if (1) the declarant makes the statement for the purpose of
receiving treatment, and (2) the content of the statement is such that would be
reasonably relied on by a health care professional in treatment or
diagnosis.  Horner v. State, 129
S.W.3d 210, 217 (Tex. App.BCorpus Christi 2004, pet. ref=d). 
To satisfy the first prong of the test, the declarant must have a motive
consistent with obtaining medical care, knowing that proper diagnosis or
treatment depends on the veracity of such statements. Id. 
To meet the second prong, the statement must concern facts Areasonably pertinent to diagnosis or
treatment,@ such as medical history, symptoms, or the
cause or general character of the cause or external source.  Id.  Texas
courts have allowed non‑physicians to testify under the medical diagnosis
and treatment exception to hearsay.  Id. at 219.  

Cantu testified that he is a trained
firefighter and paramedic.  He testified
that although the police officer on the scene reported that the victim was
talking earlier, he found him lying on the ground, having difficulty breathing,
and non-responsive.  Cantu explained that
obtaining information from those at the scene is pertinent to treating the
patient.  Because the victim was
non-responsive, and the police officer had informed him only that the victim
had been beaten up, Cantu attempted to elicit more information from a bystander
who said that he had witnessed everything. 
Cantu said the bystander told him the victim had been Ahit with everything.  He was kicked.  He was punched.  Hit with chairs, everything.@

 Because the victim was unconscious, Cantu, a
paramedic, elicited information from a bystander, who witnessed the beating,
for the purpose of treating the victim. 
We cannot conclude the trial court abused its discretion in allowing
Cantu to testify regarding the bystander=s response. 
Appellant=s first issue is overruled.

In his second issue, appellant contends the
trial court erred in denying his motion for mistrial based on the withholding
of information by a juror.








During voir dire, the State asked the venire
panel if anyone knew appellant.  There
was no response.  Following the jury=s return of the guilty verdict, and outside
the presence of the jury, appellant testified that after the verdict came back,
he informed his trial counsel that he Aknew@ one of the jurors.  He said that he had met ARichard@[1] at an Eckerd=s Pharmacy, where he requested a couple of
job applications.  Appellant said he
never had any problems with the juror, but he believed that the encounter
affected the juror=s decision. 
Following appellant=s testimony, the following colloquy
occurred:

The Court:                             What else?

 

Appellant=s Counsel:          Judge,
at this time we would ask to question juror number 4 on if he knows [appellant]
or not.

 

Prosecutor:                            Your Honor, I don=t see any point in that.  The testimony that even [appellant] gave,
assuming that it is somebody he knows, is not anything to indicate any sort of,
you know, reason to assume about a juror like that.

 

                                                          *
* * * * * *          

 

The Court:                             I agree.  Do you have any motion you would like to
make?

 

Appellant=s Counsel:          Your
Honor, I would make a motion for a mistrial.

 

The Court:                             Denied.  Let=s have the jury.

 








To preserve error when a juror withholds
material information during voir dire, the appellant must ask to question the
juror and describe with specificity to the trial court the questions he intends
to ask the juror.  See Brown v. State,
183 S.W.3d 728, 739 (Tex.
App.BHouston [1st Dist.] 2005, no pet.) (citing
Franklin v. State, 12 S.W.3d 473, 477 (Tex. Crim. App. 2000)).  In this case, although appellant requested
permission to question the juror, he failed to describe to the trial court what
questions he would ask the juror to establish misconduct or bias.  Appellant simply stated that he would ask the
juror if he knew appellant or not.  This
global request did not sufficiently apprise the trial judge of what specific
additional information appellant sought to elicit.  See id. 
Furthermore, appellant had an additional opportunity to assert juror
misconduct in a motion for new trial; however, he failed to avail himself of
that opportunity.  See Kelly v. State,
60 S.W.3d 299, 304 (Tex. App.BDallas 2001, no pet.); Cuellar v. State,
943 S.W.2d 487, 490‑91 (Tex. App.BCorpus Christi 1996, pet. ref=d).

We conclude appellant has failed to preserve
the error, if any, committed by the trial court in denying appellant=s motion for mistrial.  Appellant=s second issue is overruled.

                                            B.  Cause
Numbers 13-04-406-CR,

                                               13-04-407-CR,
and 13-04-408-CR

 

Appellant pleaded guilty to three separate
offenses of burglary of a habitation with intent to commit theft.  In all three cases, the trial court (1) found
appellant guilty, (2) assessed his punishment at ten years= imprisonment, (3) suspended the sentences,
and (4) placed him on community supervision for a term of ten years.

The State subsequently moved to revoke
appellant=s community supervision based on allegations
that he had violated his community supervision. 
Having found the allegations to be true, the trial court revoked
appellant=s community supervision.  

In Cause Numbers 13-04-406-CR, 13-04-407-CR,
and 13-04-408-CR, appellant appealed the trial court=s judgments revoking his community
supervision.  However, appellant has
failed to brief any issues or arguments concerning the revocation of his
community supervision.  See Tex. R. App. P. 38.1(h).  Accordingly, all issues are waived.








The judgments of the trial court in Cause
Numbers 13-04-405-CR, 13-04-406-CR, 13-04-407-CR, and 13-04-408-CR are
affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed this

the
15th day of June, 2006.











[1] The record reflects the juror=s name is Christopher Saldana.